UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIANA RAMONA GAVRA et al.,<br><br>            Plaintiffs,<br>    v.<br><br>GOOGLE INC.,<br><br>            Defendant. | Case No.: 5:12-CV-06547-PSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**(Re: Docket No. 10)** |

In this action for defamation, extortion, and breach of privacy filed by Diana Ramona Gavra ("Gavra"), Lawyers Office "Gavra Diana" ("Lawyers Office"), and the Iuris Civilis Association ("ICA") (collectively, "Plaintiffs"), Defendant Google Inc. ("Google") moves to dismiss the first amended complaint ("FAC"). Although presented with far more polish and detail, Google's argument is familiar and straightforward:  Congress gave us a pass when it enacted Section 230 of the Communications Decency Act of 1996 ("CDA").  As the court explains below with a bit more polish and detail of its own, Google is right.[1]  The motion is GRANTED.

---

[1] Pursuant to Civil L.R. 7-1(b), the court determined oral argument was unnecessary.

1

CASE NO.: 5:12-CV-06547-PSG
ORDER

# I. BACKGROUND

Plaintiffs' claims against Google stem from the posting of unflattering videos by a former client of Gavra's, Tom Baran ("Baran"). Gavra, an attorney in Romania, represented Baran and his family, until the relationship soured after a dispute arose between client and counsel.[2] Baran then posted thirteen video clips on YouTube of "alleged injustices suffered by this family."[3] These videos accuse Gavra of adultery, fraud, and drug abuse, among other criminal and morally questionable activities. Plaintiffs allege that these videos are defamatory, that they contain private information, and that they have been used to blackmail and extort Plaintiffs.

Gavra emailed YouTube and Google to request removal of the videos.[4] Although it notified Baran of the complaint against him, YouTube declined to remove the videos itself because it was "unable to adjudicate the veracity of postings" and could not "identify a violation of [its] Privacy Guidelines."[5]

On February 24, 2012, Plaintiffs filed a "criminal offense complaint" in Romania against Baran and his new lawyer for attempted extortion.[6] In December, the Romanian Public Ministry indicted against them, but the matter has yet to be adjudicated.[7] On December 27, 2012, Plaintiffs filed this parallel suit against Google for invasion of privacy, defamation, and

---

[2] *See* Docket No. 9 at 8. As one astute commentator has observed, a surprising number of Section 230 cases involving lawyers proceeding pro se. *See* http://blog.ericgoldman.org/archives/2013/01/section_230_sti.htm (last visited July 17, 2013) (citing *Klayman v. Zuckerberg*, Case No. 11-874 RBW, 2012 WL 6725588 (D.D.C. Dec. 28, 2012)).

[3] *Id.* at 9.

[4] *See id.* at 17.

[5] *See Id.*, Ex. A. at 2-3, 5.

[6] *See Id.* at 12, Ex. B at 1.

[7] *See* Docket No. 22-1.

2

CASE NO.: 5:12-CV-06547-PSG
ORDER

"blackmail/extortion," arising from Google's continuing distribution of the videos even after Gavra provided notice.[8]  Plaintiffs filed an amended complaint on February 19, 2013.[9]

## II. LEGAL STANDARDS

A complaint may be dismissed under Rule 12(b)(6) "where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."[10] The court must generally accept as true all "well-pleaded factual allegations,"[11] and must construe the alleged facts in the light most favorable to the plaintiff.[12] But any factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face."[13] Thus, a complaint should only be dismissed where it "appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[14]

Leave to amend shall be freely given when justice so requires.[15] But a motion for leave to amend may be denied if it would be futile or legally insufficient.[16] A proposed amendment is futile if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.[17]

---

[8] *See* Docket No. 1.

[9] *See* Docket No. 9.

[10] *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

[11] *Ashcroft v. Iqbal*, 566 U.S. 662, 664 (2009).

[12] *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1988).

[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).

[14] *Clegg v. Cult of Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).

[15] Fed R. Civ. P. 15(a).

[16] *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

[17] *See id.*

3

CASE NO.: 5:12-CV-06547-PSG
ORDER

## III. DISCUSSION

Section 230(c)(1) of the CDA states that "[n]o provider or user of an interactive computer service shall be treated as a publisher or speaker of any information provided by another content provider."[18] The CDA "provide[s] a robust immunity for internet service providers and websites, with courts adopting a relatively expansive definition of 'interactive computer service' and a relatively restrictive definition of 'information content provider.'"[19] A website is liable for the unlawful content of online material only if the website contributes "materially . . . to its alleged unlawfulness."[20] Merely providing third parties with neutral tools to create web content, even if the website knows those parties are using the tools to create illegal content, does not create liability, nor does refraining from removing objectionable content, despite receiving notice. [21]

Recognizing that their claims stand or fall on Google's status as a publisher,[22] Plaintiffs first argue that publication does not encompass the action challenged here: Google's failure to remove the video even after notice.[23] Because the factual basis of their cause of action is failure to remove and not publication, Plaintiffs argue, the CDA does not apply and Google nevertheless may be held liable.[24] But in *Barnes v. Yahoo!, Inc.*, the Ninth Circuit disposed of this very argument. There, the plaintiff sued Yahoo! for failing to remove salacious pictures of her posted, without her

---

[18] 47 U.S.C. § 230(c)(1).

[19] *Goddard v. Google Inc.*, 640 F. Supp. 2d 1193, 1196 (N.D. Cal. 2009) (internal quotations omitted) (quoting *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123 (9th Cir. 2003)).

[20] *Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1167 (9th Cir. 2008) (en banc).

[21] *See Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1101 (9th Cir. 2009); *Roommates*, 521 F.3d at 1169 n.4; *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 333 (4th Cir. 1997).

[22] Because it is undisputed that Baran created the videos in question without any material help from Google, Google is not an "information content provider" and so may not be excluded from the CDA's protection on these grounds.

[23] *See* Docket No. 14 at 4-5.

[24] Plaintiffs' claims are "alleged" because, even if they could establish a legal basis for liability, Plaintiffs have yet to prove actual defamation or extortion; all they have is an indictment.

4
CASE NO.: 5:12-CV-06547-PSG
ORDER

consent, by an ex-boyfriend on a Yahoo! website.[25] In considering the plaintiff's negligence claim, the court found that the duty Yahoo! was alleged to have breached plainly derived from its activity as a publisher—Yahoo! had allegedly taken steps and then "negligently" failed to de-publish the offending content—and that the CDA provided blanket immunity.[26] The court held that deciding "whether to publish, withdraw, postpone or alter content" is exactly the type of conduct that publishers engage in,[27] and the plaintiff could not circumvent Section 230(c) protections by simply renaming her theory of liability "negligence" instead of "publication."[28] Plaintiffs here similarly claim that Google owes a duty of care requiring it to remove videos from its website that, by their content, cause foreseeable harm. But this duty exists only if the court treats Google as a publisher of the content on its websites. *Barnes* and the CDA explicitly prohibit imposing liability for such actions.[29]

Undaunted, Plaintiffs next argue that they are suing Google as a distributor, not as a publisher, and that the CDA protects only the latter. The distinction between a distributor and a publisher arises from common law defamation and was addressed within the context of the CDA by the Fourth Circuit in *Zeran v. America Online, Inc.*[30] The court in *Zeran* concluded that the terms "distributor" and "publisher" imply only "that different standards of liability may be applied

---

[25] 570 F.3d at 1098-99.

[26] *See id.* at 1102-03.

[27] *Batzel v. Smith*, 333 F.3d 1018, 1031 n.18 (9th Cir. 2003) (quoting *Zeran*, 129 F.3d at 332); *see also Barnes*, 570 F.3d at 1101 (9th Cir. 2009) (refusing to find liability for failing to remove objectionable content).

[28] *See Barnes*, 570 F.3d at 1102-03.

[29] In *Barnes*, Yahoo! may have at least assumed the duties of a publisher by promising the plaintiff that it would remove the videos. Google has taken no such affirmative steps here.

[30] 129 F.3d 327.

5
CASE NO.: 5:12-CV-06547-PSG
ORDER

*within* the larger publisher category" and so distributors are still publishers for the purposes of Section 230.[31] It then affirmed the motion to dismiss.

Plaintiffs implore the court to ignore the *Zeran* precedent, to distinguish between publishers and distributors, and to thus deprive Google of Section 230 coverage. Even if the court were so inclined, this argument is unavailing, however, because the Ninth Circuit has already provided a different formula for addressing the scope of Section 230 immunity that still precludes Plaintiffs' claims.[32] Unlike the Fourth Circuit, which implicitly relied on defamation common law to interpret Section 230, the Ninth Circuit instead directs courts to look to "whether the cause of action inherently requires the court to treat the defendant as the 'publisher or speaker' of content provided by another."[33] Publication includes "reviewing, editing, and deciding whether to publish or withdraw from publication third-party content."[34] In so doing, the Ninth Circuit has observed that, although the CDA was influenced by defamation common law, "a law's scope often differs from its genesis"[35] and the common law distinction between a publisher and a distributor "has little to do with the meaning of the statutory language."[36] The Ninth Circuit opined that Section 230 does not mention and is not limited by defamation common law, and has even applied Section 230 to cases in which no defamation claim was stated.[37] What matters is not the name of the cause of

---

[31] *Zeran*, 129 F.3d at 332 (emphasis original).

[32] The Ninth Circuit has noted, however, that "every court to reach the issue has decided Congress intended to immunize both distributors and publishers." *Batzel v. Smith*, 333 F.3d 1018, 1027 n.10 (9th Cir. 2003).

[33] *Barnes*, 570 F.3d at 1102.

[34] *Id*.

[35] *Barnes*, 570 F.3d at 1101 (quoting Chicago Lawyers' Comm. for Civil Rights Under Law, Inc. v. Craigslist, Inc., 519 F.3d 666, 671 (7th Cir. 2008)).

[36] *Barnes*, 570 F.3d at 1104.

[37] *See Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157 (9th Cir. 2008) (en banc).

action but the rather the underlying conduct that liability is predicated on.  Because Google's conduct here falls well within the bounds of publication *activity*, it is protected by the CDA whether or not it is "distributor."

Section 230 of the CDA was intended "to protect websites against the evil of liability for failure to remove offensive content."[38]  Such conduct is exactly the type of activity underlying Plaintiffs' negligence and defamation claims.  Likewise, Plaintiffs' extortion claim is simply a relabeled negligence claim, which is in turn another attempt to hold Google liable for publication activity.  Google has assumed no affirmative duty to protect Plaintiffs from extortion and to remove the videos, and, even if it had, any such duty would have arisen from its role as a publisher.  The CDA protects Google in all these instances.  Because Plaintiffs cannot overcome the statutory bar to liability by alleging new facts, their claims are dismissed without leave to amend.

## IV. CONCLUSION

Google's motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND.

**IT IS SO ORDERED**

Dated:  July 17, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[38] *Roommates*, 521 F.3d at 1174.